UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>CONAGRA FOODS PACKAGED FOODS, a limited liability company; JESUS BANDEROS, an individual; and DOES 1 through 10 inclusive,<br><br>Defendants. | No. 1:19-cv-00065-DAD-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 8) |

This matter came before the court on April 2, 2019 for hearing on plaintiff's motion to remand. (Doc. No. 8.) Attorney Christina Begakis appeared telephonically on behalf of plaintiff Alexander Hernandez. Attorney Kate Juvinall appeared telephonically on behalf of defendants ConAgra Foods Packaged Foods ("ConAgra Foods") and Jesus Landeros (erroneously sued herein as "Jesus Banderos"). Having considered the parties' briefs and oral arguments and for the reasons set forth below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

Plaintiff's complaint alleges as follows. Plaintiff began his employment with ConAgra Foods in July 2007. (Doc. No. 1-2, Ex. B at ¶ 5.) While employed with ConAgra Foods, plaintiff had a disability and/or medical condition of which defendants were aware. (*Id.* at ¶ 7.) In July

1

2017, plaintiff took medical leave as an accommodation for his disability. (*Id.* at ¶ 11.) In response to plaintiff taking medical leave, defendants made defamatory statements that plaintiff was a poor performer, unable to do his job, and deserved to be terminated. (*Id.* at ¶ 12.) Defendants further discriminated against and retaliated against plaintiff on or about July 19, 2017, when defendants terminated plaintiff for taking medical leave. (*Id.* at ¶ 13.) As a result of defendants' conduct, plaintiff has suffered emotional and economic injuries. (*Id.* at ¶¶ 14, 16.)

Plaintiff filed this action in Los Angeles County Superior Court on March 9, 2018 against ConAgra Foods and Landeros, bringing six state causes of action: (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) retaliation in violation of the Fair Employment and Housing Act; (5) retaliation in violation of the California Family Rights Act; and (6) defamation. (Doc. No. 1-2, Ex. B.) The defamation claim is the only claim brought against defendant Landeros. (*Id.*)

On May 1, 2018, the Los Angeles County Superior Court approved the parties' stipulation to transfer the action to the Stanislaus County Superior Court, the proper venue for the action. (Doc. No. 1 at ¶ 4.)

On January 14, 2019, defendants removed the action to this court on the grounds that defendant Landeros is a fraudulently joined "sham defendant," and that diversity jurisdiction exists because plaintiff and ConAgra Foods are citizens of different states and there is at least $75,000 in controversy. (*Id.* at ¶¶ 16–43.) Plaintiff moved to remand the case to state court on February 13, 2019. (Doc. No. 8.) Plaintiff contends that defendant Landeros is not a sham defendant and that defendants have not shown that his defamation claim against Landeros fails. Plaintiff thus argues that remand is appropriate because Landeros's California citizenship defeats complete diversity. On March 19, 2019, defendants filed an opposition to plaintiff's motion to remand. (Doc. No. 14.) On March 26, 2019, plaintiff filed a reply in support of his motion to remand. (Doc. No. 15.)

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case

2

originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

Section 1447(c) of Title 28 of the United States Code provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). However, the Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). If the court finds that the joinder of the non-diverse defendant is fraudulent, that defendant's citizenship is ignored for the purposes of determining diversity. *See, e.g.*, *Morris*, 236 F.3d at 1067.

There is a general presumption against fraudulent joinder, *Hamilton Materials, Inc.*, 494 F.3d at 1206, and the burden on the defendant opposing remand on the basis of an alleged fraudulent joinder is a "heavy one." *Davis v. Prentiss Props. Ltd.*, 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999). "Fraudulent joinder must be proven by clear and convincing evidence," and

3

district courts must resolve all disputed questions of fact in favor of the plaintiff. *Hamilton Materials, Inc.*, 494 F.3d at 1206; *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001); *see also Lieberman v. Meshkin, Mazandarani*, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) ("The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."). In resolving a claim of fraudulent joinder, the court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings, such as affidavits and deposition testimony. *Morris*, 236 F.3d at 1068 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)). Remand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

## ANALYSIS

Plaintiff brings a single cause of action against defendant Landeros for defamation, alleging that the defendants sued herein made false and defamatory statements to third parties and to the community consisting of statements including, but not limited to, "express and implied[] accusations that Plaintiff committed time card theft, was a poor performer, and thus unable to perform the duties of his position. These and similar statements by Defendants, and each of them, expressly and impliedly asserted that Plaintiff was incompetent and a poor employee and not deserving of gainful employment." (Doc. No. 1-2, Ex. B at ¶ 62.)

Under California law, a claim for defamation requires plaintiff to show that defendant made "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007).

In their notice of removal, defendants contend that Landeros was fraudulently joined, and his citizenship must be disregarded, because plaintiff cannot maintain a defamation cause of

action against him. (Doc. No. 1 at ¶¶ 16–27.) Defendants contend that plaintiff admitted during his deposition that Landeros did not make any false statements of fact:

> Q: And to your knowledge, Mr. Landeros never made a statement that you committed time theft; correct?
>
> A: Yes.
>
> Q: And to your knowledge, Mr. Landeros never made a statement that you were a poor performer; correct?
>
> A: Yes.
>
> Q: And to your knowledge, Mr. Landeros never made a statement that you were unable to do your job; correct?
>
> A: Yes.
>
> . . .
>
> Q: To your knowledge, Mr. Landeros never made a statement that you deserved to be terminated; correct?
>
> A: Yes.
>
> Q: And to your knowledge, Mr. Landeros never made a statement that you deserved to no longer hold employment; correct?
>
> A: Yes.

(*Id.* at ¶ 26; Doc. No. 1-2, Ex. M at 77:24–78:10, 78:13–19.) At his deposition, plaintiff was also asked more broadly whether either defendant made statements to support plaintiff's defamation claim:

> Q: Are you alleging that [defendants] made any statements about you to support your defamation claim?
>
> A: No, no.

(Doc. No. 1 at ¶ 25; Doc. No. 1-2, Ex. M at 74:19–23.) Thus, based on plaintiff's own admissions, defendants assert that there is no possibility that the state court would recognize a valid cause of action against Landeros for defamation.

In his motion to remand, plaintiff argues that this deposition testimony is insufficient to show that plaintiff has no possibility of prevailing on the merits of his defamation claim. (Doc. No. 8 at 9.) Plaintiff points to the language in his complaint stating that the false and defamatory

5

statements "included, **but were not limited to**, express **and implied**[] accusations that Plaintiff . . . was a poor performer, and thus unable to perform the duties of his position." (*Id.*) Plaintiff contends that the "five limited questions" asked of him at his deposition were "extremely limited in scope." (*Id.* at 9, 11.) Plaintiff asserts that defendants neglected to explore other possibilities, such as: "Has Mr. Landeros ever acted in a way as to indicate that [Plaintiff] is a poor performer, has Mr. Landeros ever written anything suggesting [Plaintiff] were [sic] a poor performer, etc." (*Id.* at 9, 11.)

Plaintiff's arguments in support of remand are unavailing for a number of reasons. This action was originally filed over one year ago and the parties have engaged in both written and deposition discovery. To the extent that plaintiff now suggests that he has other allegations regarding defamation not specifically alleged in the complaint, plaintiff fails to present any evidence by way of declaration or otherwise to refute his own deposition testimony. Plaintiff's counsel did not cross-examine or rehabilitate plaintiff at his deposition to provide any additional defamation allegations (Doc. No. 14-1 at ¶ 5), plaintiff did not amend his deposition testimony (*id.* at ¶ 6), and plaintiff has not sought to amend his complaint. Defendant Landeros has also submitted a sworn declaration in support of defendants' opposition to the motion to remand, declaring that he never made any statements expressly stating or implying that plaintiff was a poor performer, deserved to be terminated, or had committed any crime, theft, or violation of ConAgra Foods' policies. (Doc. No. 14-3 at ¶¶ 5–7.) Given plaintiff's unrefuted deposition testimony and the procedural posture of this case, plaintiff's defamation claim appears fanciful. *See Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (noting that the court must remand if there is a "non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants").

Moreover, plaintiff's objection that counsel for defendants did not ask if Landeros ever *acted* in a way to indicate that plaintiff was a poor performer, and did not ask if Landeros ever wrote anything *suggesting* plaintiff was a poor performer, is beside the point. Not just any act will suffice to support a defamation claim: the "publication" element requires that the defendant conveyed, either verbally or in writing, the allegedly defamatory information to a third party.

*Ringler Assocs. Inc. v. Md. Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (2000) ("Publication, which may be written or oral, is defined as a communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made."). In addition, the alleged defamatory information must be false, and therefore a statement of fact, not merely an expression of opinion. *Id.* at 1181 ("It is an essential element of defamation that the publication be of a false statement of *fact* rather than opinion."). Thus, even if the court were to consider whether Landeros ever "acted in a way" to suggest that plaintiff was a poor performer—of which, as noted above, plaintiff has failed to produce any evidence—plaintiff's claim would still fail to satisfy the publication and falsity prongs of a defamation claim.

Plaintiff's reliance on the decision in *Umamoto v. Insphere Insurance Solutions, Inc.* is also misplaced. In *Umamoto*, there was no dispute that a defamatory statement had been made—the dispute focused primarily on whether defendant Feeny was the originator of, or was otherwise responsible for, the defamatory statement. No. 13-CV-0475-LHK, 2013 WL 2084475, at *4–5 (N.D. Cal. May 14, 2013). The court concluded that there was a non-fanciful possibility that Feeny was responsible for the statement because it was possible that Feeny was directly involved in plaintiff's termination, and defendants had offered no evidence that Feeny was not responsible for the statement. *Id.* at *5. These facts are plainly distinct from those presented here, where plaintiff has admitted under oath that Landeros did not make any of the defamatory statements alleged in the complaint. *See Morris*, 236 F.3d at 1068 (holding that removal was proper because it was "abundantly obvious" that plaintiff could not prevail on her negligent misrepresentation claim against non-diverse travel agency, where plaintiff's affidavit admitted that she had never discussed the care or safety of the cruise line with the travel agency, which was the underlying basis of her claim); *Chhabra v. Devry Univ., Inc.*, No. CV 15-03857 DDP (FFMx), 2016 WL 406961, at *1–2 (C.D. Cal. Feb. 2, 2016) (ordering plaintiff to show cause why individual defendants were not fraudulently joined, and ultimately denying plaintiff's motion to remand, where plaintiff had admitted in his deposition that he had no facts to support his claims for defamation and infliction of emotional distress).

/////

Even drawing all reasonable inferences from the record in plaintiff's favor, there is no reasonable basis for predicting that California law might impose liability on defendant Landeros for defamation. Because the evidence before the court of fraudulent joinder is clear and convincing, plaintiff's motion to remand will be denied.

Finally, plaintiff requests attorneys' fees and costs in the amount of $3,700 incurred as a result of removal. (Doc. No. 8 at 12.) It is the case that district courts are given discretion by statute to award such fees if the matter is remanded. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). However, because the court is denying plaintiff's motion to remand, § 1447(c) is inapplicable. Plaintiff's request for attorneys' fees will also be denied.

**CONCLUSION**

For the reasons set forth above, the court finds that defendant Landeros was fraudulently joined in the instant action. Disregarding Landeros's citizenship results in complete diversity in this case, and as such, the court has subject matter jurisdiction. Plaintiff's motion to remand (Doc. No. 8) is therefore denied.

IT IS SO ORDERED.

Dated: **April 3, 2019**

UNITED STATES DISTRICT JUDGE